Richards v Mitchell (2019 NY Slip Op 03470)





Richards v Mitchell


2019 NY Slip Op 03470


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9181 303620/16

[*1]Karen Walker Richards, Plaintiff-Appellant-Respondent,
v
Nicklas Mitchell, et al., Defendants-Respondents-Appellants, Francis Varrone, Defendant-Respondent.


Hogan & Cassell, LLP, Jericho (Michael D. Cassell of counsel), for appellant-respondent.
Law Offices of Tobias & Kuhn, New York (Michael V. DiMartini of counsel), for respondents-appellants.
Downing & Peck, New York (Marguerite D. Peck of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about October 29, 2018, which denied plaintiff's motion for partial summary judgment on the issue of liability as against defendant Francis Varrone, and denied the motion of defendants Nicklas Mitchell and Tyrone Walker for summary judgment dismissing the complaint and cross claims as against them, unanimously affirmed, without costs.
In this personal injury action arising out of a rear-end collision, Supreme Court properly denied the respective summary judgment motions. The deposition testimony presented triable issues of fact as to how the accident happened, including who was driving the vehicle plaintiff was traveling in when the collision occurred; whether that vehicle was moving at about 50 miles per hour, moving slowly or stopped when it was struck by Varrone's vehicle; and if plaintiff's vehicle was stopped at the time of the accident, whether the claimed suddenness of the stop without brake signals was the cause of the collision (see Moreno v Golden Touch Transp., 129 AD3d 581 [1st Dept 2015]; Vitale v V & D Transp., 281 AD2d 209 [1st Dept 2001]).
Even if we were to find that plaintiff, Mitchell and Walker met their initial burden, Varrone has set forth a nonnegligent explanation for the rear-end collision. Varrone's testimony establishes that he could not see in front of a large SUV that was traveling in front of him before the accident and he did not know until it changed lanes that the vehicle plaintiff was riding in was either stopped or stopping in front of him, which raises a triable issue as to whether he was entitled to expect that traffic would continue unimpeded (see Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 477 [1st Dept 2017]). Varrone's failure to plead the emergency [*2]doctrine as an affirmative defense does not preclude him from raising the issue in response to the respective summary judgment motions (see e.g. JP Morgan Chase Bank, N.A. v Salmon, 154 AD3d 603 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK